**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRANDON FRITTS                                                                                    PLAINTIFF
ADC #120999

V.                                        NO: 5:10CV00187 HDY

CORRECTIONAL MEDICAL
SERVICES, INC. *et al.*                                                                         DEFENDANTS

**ORDER**

Plaintiff filed this complaint on June 28, 2010, naming as Defendants Correctional Medical Services, Inc. ("CMS"), and certain Does. On September 10, 2010, CMS filed a motion to dismiss, along with a brief in support (docket entries #13 & #14). Plaintiff filed a response on September 17, 2010 (docket entry #17), and has also filed a motion to amend, in which he has provided the names of at least some of the Does (docket entry #19).

**I. Standard of review**

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he has been denied effective or timely treatment for his back pain. CMS asserts that Plaintiff's claims against it should be dismissed because Plaintiff merely speculates that CMS may have a policy that resulted in his injury, and that he is trying to attribute the wrongdoing of others to CMS under a *respondeat superior* theory. It is true that *respondeat superior* is not a basis of liability for § 1983 claims, and that a corporation acting under color of state law will be held liable only for its own unconstitutional practices. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). However, in his response, Plaintiff makes clear that he charges CMS with a "systemic problem," including the failure to adequately staff the prison infirmary, and to train and supervise infirmary employees. Giving Plaintiff's complaint the liberal construction to which it is entitled, the Court concludes that Plaintiff has stated a claim for relief against CMS.

The Court also concludes that Plaintiff should be granted leave to amend his complaint, and to add as Defendants Ruloff Turner, Shirley Carpenter, Dona Gordon, and Genia Snyder, who were originally identified as Does. It is unclear if Plaintiff intends to identify further Defendants. If he wishes to do so, he must provide their names, and specific allegations against them, within 30 days. Plaintiff's failure to do so will result in the dismissal of his claims against any other Does.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. CMS's motion to dismiss (docket entry #13) IS DENIED.

2. Plaintiff's motion to amend (docket entry #19) is GRANTED. The Clerk is directed to add as Defendants Ruloff Turner, Shirley Carpenter, Dona Gordon, and Genia Snyder, and to file the attachment to Plaintiff's motion as his amended complaint.

3. Plaintiff is directed to provide names, and specific allegations, for any additional Doe Defendants he intends to add. Plaintiff's failure to do so within 30 days will result in the dismissal of his claims against any other Doe Defendants.

4. Service is appropriate on Defendants Ruloff Turner, Shirley Carpenter, Dona Gordon, and Genia Snyder, and the United States Marshal is directed to serve a copy of the complaint (docket entry #2), amended complaint (docket entry #19, attachment #1), this order, and summons, upon them, without prepayment of fees and costs or security therefor.

DATED this __19__ day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE